UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW JONES,

                    Plaintiff,

        -against-

N.Y.P.D.; MONTICELLO VILLAGE P.D.,

                    Defendants.

23-CV-9515 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Greenwood, Delaware, brings this *pro se* action alleging

that Defendants violated his federal constitutional rights and his rights under state law. He sues

the New York City Police Department ("NYPD") and the Monticello Village Police Department,

located in Sullivan County. By order dated November 3, 2023, the Court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons

set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead

his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. In 1988, when Plaintiff was two years old, his uncle, Dr. Ronald Cain, got engaged to his girlfriend, Dr. Mary Eagle. Plaintiff traveled to the Eagles' residence on Long Island with his parents and his cousins. Plaintiff was a "passed around sex doll of my family until [he] was tall enough to fight them. [He] died many times from anal rapes, beatings, and poisonings and was resurrected by the medicines made from

250 year old trees and the pants that only grow around them, many times." (ECF 1, at 2.)[1]
Plaintiff was "anally and orally raped and beaten at the Eagles home in Long Island." (*Id.*) All of
the Eagle family members were police officers on Long Island and had "several different
identities with a handful of State issued licenses." (*Id.*) They were "[i]dentity thieves" and

> murderers who live in their victim's face, speak with their voice, and possess the
> legal records of their victims. At least one of their identities is a police officer. At
> least one of their identities is a Wight gang member. The Wight gang is about ten
> thousand years old. It is a group of 80-82 Brown Black men and women identities
> and a larger number of male and female police who say they are Wight in attempts
> to murder White people. They take Havlicek DNA combined with lobster DNA to
> have a White appearance for a brief time.

(*Id.* at 3.)

In 1988, at Acer's Florist in Commack, New York, Plaintiff was "again raped by the
Eagles, Cains, Henry's and Joneses." (*Id.*) An off-duty police officer "was cajoled in
participating" in the rapes. (*Id.*) In Tom's Restaurant in New York City, Plaintiff was "anally and
orally raped at the booth" he sat in with his family while NYPD officers watched and failed to
take action. (*Id.*) When they left the restaurant, Plaintiff's family continued to "rape and molest"
him, while NYPD officers "participate[d] in [the] anal and oral rapes." (*Id.*) The officers "said
that they would have done so sooner, but did not have [Plaintiff's] parent's permission yet." (*Id.*)

Plaintiff's family rented a fishing boat and took it out into the water by Staten Island for
two days and nights. His family had "cocaine and child pornography on their boat." (*Id.* at 4.)
The boat was discovered by a Coast Guard boat in the morning, but the "soldiers . . . took no
action against [Plaintiff's] assailants and also participated in anally and orally raping [him] and
insulting [him]." (*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar
are as in the original unless otherwise indicated.

At a restaurant in the Catskills, a Greene County Sheriff's officer joined Plaintiff's family in raping, beating, and insulting him. While at the Monticello Raceway, the Monticello Village Police raped Plaintiff. (*Id.*)

On the way home to Delaware, Plaintiff's family stopped at Cornell University, where the campus police joined Plaintiff's family in raping and beating him. (*Id.*)

Plaintiff seeks $10,000,000 in damages.

## DISCUSSION

Plaintiff's claims for violations of his constitutional rights are brought pursuant to 42 U.S.C. § 1983.[2] Plaintiff also asserts state law claims for negligence and assault and battery, which the Court understands to be brought under the court's diversity of citizenship jurisdiction.[3]

It appears that Plaintiff's claims are time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y.C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of

---

[2] To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

[3] To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff has satisfied the diversity of citizenship requirement because is a citizen of the State of Delaware and both Defendants are citizens of the State of New York. The Court assumes for the purposes of this order that Plaintiff has alleged to a "reasonable probability" that his claims are worth in excess of the $75,000 jurisdictional threshold.

the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Claims for negligence under New York state law must be brought within three years, *see*

N.Y.C.P.L.R. § 214, and state law claims for assault and battery must be brought within one year,

*see id.* at § 215.

 Here, Plaintiff appears to allege that the events giving rise to his claims occurred in

1988, when he was two years old. Plaintiff filed this complaint on October 25, 2023,

approximately 35 years after his claims accrued. Plaintiff's Section 1983 claims and his state law

claims for negligence and assault and battery are therefore time-barred.[4]

 The doctrine of equitable tolling permits a court, "under compelling circumstances, [to]

make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S.*

*Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be

equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact

that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego

a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition,

New York law provides that where a person "is under a disability because of . . . insanity at the

time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y.C.P.L.R.

§ 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25,

2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is

appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect

---

[4] The complaint includes a reference to New York's Adult Survivor's Act ("ASA"), a state law that "created a one-year revival period, starting November 24, 2022, during which adult survivors of sexual assault could sue their abusers despite the expiration of the previously applicable statutes of limitation." *Carroll v. Trump*, 650 F. Supp. 3d 213, 218 (S.D.N.Y. Jan. 13, 2023) (citing N.Y.C.P.L.R. § 214-j). The ASA does not apply to Plaintiff's claims, however, because he does not allege that he was an adult at the time of the alleged abuse.

[his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y.C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case.[5] Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

---

[5] Even if the Court assumes that the statute of limitations was tolled because Plaintiff was a minor at the time of the alleged abuse, and the limitations period began to run when he reached maturity, *see* N.Y.C.P.L.R. § 208, his claims would still be time-barred. Plaintiff alleges he was two years old in 1988 when the alleged abuse occurred. He therefore would have turned eighteen in 2004, and would have had three years from that date, until sometime in 2007, to file a timely claim.

Because Plaintiff's Section 1983 and state law claims are untimely and he does not allege any facts demonstrating that equitable tolling should apply, the Court dismisses such claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (a complaint that "show[s] that relief is barred by the applicable statute of limitations" is "subject to dismissal for failure to state a claim"); *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (same).

## LEAVE TO REPLEAD

The Second Circuit has held that a district court should grant notice and opportunity to be heard before dismissing a complaint *sua sponte* on statute of limitations grounds. *See Abbas*, 480 F.3d at 640. The Court hereby provides Plaintiff with notice that this action is barred by the statute of limitations and grants him 30 days' leave to replead his claims in an amended complaint showing that his claims are timely or that equitable tolling should apply.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:     January 2, 2024
           New York, New York

                                          /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge