UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW JONES,

            Plaintiff,

-against-

N.Y.P.D.; MONTICELLO VILLAGE P.D.,

            Defendants.

23-CV-9515 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that various police officers and other individuals sexually abused him in 1988. By order dated January 2, 2024, the Court dismissed the complaint, but granted Plaintiff leave to replead his claims in an amended complaint. Plaintiff filed an amended complaint on January 18, 2024, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

      In his original complaint, Plaintiff alleged that, in 1988, when he was two years old, he was sexually abused by various individuals, including officers of Defendants New York City Police Department and Monticello Village Police Department, at locations throughout the Northeastern United States, including individuals' homes, various restaurants, and Cornell University. Plaintiff asserted claims under 42 U.S.C. § 1983 for violations of his federal constitutional rights and claims under state law for negligence and assault and battery.[1]

---

[1] Because Plaintiff is a citizen of the State of Delaware and Defendants are citizens of the State of New York, and that his claims are worth in excess of $75,000, the Court likely has diversity of citizenship jurisdiction of his state law claims. *See* 28 U.S.C. § 1332.

By order dated January 2, 2024, the Court held that Plaintiff's claims under Section 1983 and his state law claims were untimely under the relevant statutes of limitations, and that Plaintiff did not provide any facts suggesting that the statute of limitations should be equitably tolled. The Court therefore dismissed the complaint for failure to state a claim on which relief may be granted because it was time-barred, but granted Plaintiff leave to replead his claims in an amended complaint showing that his claims are timely or that equitable tolling should apply.

Plaintiff's amended complaint alleges facts that are virtually identical to those alleged in the original complaint. Plaintiff appears to argue, however, that his state law claims are timely under New York's Child Victims Act ("CVA") and Adult Survivors Act ("ASA"). (*See* ECF 6, at 2, 8-9.) The ASA is a state law that "created a one-year revival period, starting November 24, 2022, during which adult survivors of sexual assault could sue their abusers despite the expiration of the previously applicable statutes of limitation." *Carroll v. Trump*, 650 F. Supp. 3d 213, 218 (S.D.N.Y. Jan. 13, 2023) (citing N.Y.C.P.L.R. § 214-j). As the Court stated in its January 2, 2024 order, the ASA does not apply to Plaintiff's claims because he does not allege that he was "eighteen years of age or older" at the time of the alleged abuse. *See* N.Y.C.P.L.R. § 214-j. Plaintiff therefore cannot rely on the ASA.

The CVA, which became effective on February 14, 2019, extended the statute of limitations for certain state law claims of child sexual abuse. As relevant here, the CVA revived claims for child sexual abuse that were previously time-barred, and required those "revived claims to be brought not earlier than six months after and not later than one year and six months" after the effective date of the law. N.Y. C.P.L.R. § 214-g; *Sokola v. Weinstein*, No. 20-CV-0925 (LJL), 2020 WL 3605578, at *4 (S.D.N.Y. July 2, 2020); *Doe v Haight*, 139 N.Y.S.3d 476, 477, (Sup. Ct. West. Cnty. Sept. 9, 2020). The deadline for filing a revived claim was extended to

August 14, 2021, due to the COVID-19 pandemic. *See In re Roman Catholic Diocese of Syracuse, New York*, 628 B.R. 571, 574 (Bankr. N.D.N.Y. Mar. 5, 2021).[2]

Here, Plaintiff alleges that the events giving rise to his claims occurred in 1988, when he was two years old. Because those claims were already time-barred at the time the CVA was enacted in 2019, Plaintiff could have timely filed those claims under CVA's revival provision, but only if he had filed his claims before the August 14, 2021 deadline. Plaintiff did not file this action until October 25, 2023, more than two years after the CVA's deadline for filing a revived claim. Plaintiff therefore cannot rely on the CVA's revival provision to bring this action.[3] Furthermore, Plaintiff's amended complaint does not allege any facts demonstrating why the Court should equitably toll his claims under state or federal law.

The Court therefore dismisses the amended complaint for failure to state a claim on which relief may be granted because it is untimely. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] The CVA also amended N.Y.C.P.L.R. § 208(b) to extend the statute of limitations for child sexual abuse claims moving forward. Under that provision, effective February 14, 2019, a plaintiff whose sexual abuse claim accrues while he is a minor has until he is age 55 to file a sexual abuse claim. *See Doe v. NYS Office of Children and Family Svcs.*, No. 20-CV-01195, 2021 WL 2826457, at *7 (N.D.N.Y. July 7, 2021) ("This section, as amended, now permits all civil claims or causes of action brought for . . . a sexual offense . . . up until the victim reaches 55 years of age."); *Roman Catholic Diocese of Rockville Centre, New York v. Arrowood Indemnity Co.*, No. 20-CV-11011, 2021 WL 1978560, at *1 (S.D.N.Y. May 17, 2021) ("Pursuant to the CVA, victims of child sexual abuse may now bring suit until they turn 55 years old."); *see also* Practice Commentary, N.Y. C.P.L.R. § 214-g (The CVA "was intended primarily to revive civil claims by persons subjected to sexual abuse when they were under the age of 18 but whose claims have become time-barred, and also to provide a more generous toll for such claims in the future. The first of these goals was achieved by [N.Y. C.P.L.R. 214-g], and the second by amendments to [N.Y. C.P.L.R. 208], the toll for infancy."). Because Plaintiff's claims accrued before February 14, 2019, and were already time-barred at the time of the CVA's enactment, Section 208(b) does not apply to his claims.

[3] Even if the CVA revived Plaintiff's state law claims, the United States Court of Appeals for the Second Circuit has held that the CVA's revival provision, N.Y.C.P.L § 214-g, does not apply to claims brought under 42 U.S.C. § 1983. *See Kane v. Mt. Pleasant Central Sch. Dist.*, 80 F.4th 101, 111 (2d Cir. 2023).

3

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action as untimely, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment for the reasons stated in this order and in the Court's January 2, 2024 order of dismissal (ECF 5).

SO ORDERED.

Dated:   January 29, 2024
         New York, New York

                                                 /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                                 Chief United States District Judge